FILED

MAY 0 5 2005

MARTIN C. ASHMAN
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 05 CR 76 |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Sections 1001(a)(2) and 1341. |
| MICHAEL J. ACOSTA | ) | |

JUDGE LEINENWEBER

MAGISTRATE JUDGE DENLOW

**COUNT ONE**

The SPECIAL AUGUST 2003-2 GRAND JURY charges:

1. At times material to this indictment:

a. Defendant MICHAEL J. ACOSTA was an employee of the City of Chicago Police Department ("the Department") with the rank of Commander. In or about 2004, ACOSTA's command included supervision over the Department's employees assigned to Chicago's O'Hare and Midway Airports. Prior to 2004, ACOSTA's command included supervision of the Preventive Programs and Neighborhood Relations Division of the Department.

b. The Department held an annual ceremony in honor of Chicago Police Officers, the Police Recognition Ceremony. The Ceremony was a luncheon event to which sponsors contributed money. In exchange for contributions, sponsors were given tickets to attend the event.

c. Contributions of $5,000 or more to the Police Recognition Ceremony were given various forms of public recognition at the Ceremony, including acknowledgment

in the Recognition Ceremony Program. Contributions of $1,000 or more were also publicly acknowledged in the Recognition Ceremony Program.

d. The Police Recognition Ceremony maintained a bank account at Amalgamated Bank of Chicago. The Police Recognition Ceremony bank account was not under the control of defendant MICHAEL ACOSTA or Officer A.

e. Officers at O'Hare maintained a bank account at the First Nations Bank of Wheaton ("Chicago Police O'Hare Account"). Typically, the account was used to maintain funds raised for an annual golf outing and for retirement gifts. The bank account was a checking account, and Officer A maintained the checks and customer account statements for the Chicago Police O'Hare account. The account was not formally affiliated with the Chicago Police Department.

f. The Federal Bureau of Investigation (FBI) and the Special August 2003-2 Grand Jury were conducting an investigation concerning defendant MICHAEL ACOSTA's conduct as a Department employee. At times, including the period of September 2004 through January 2005, the matters under investigation included ACOSTA's fundraising efforts on behalf of the Department and ACOSTA's use of funds deposited into the Chicago Police O'Hare account.

2. From in or about March 2004, and continuing to in or about January 2005, in the Northern District of Illinois, Eastern Division,

MICHAEL J. ACOSTA,

defendant herein, knowingly devised and attempted to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations, which scheme is further described below.

3. It was part of the scheme that defendant MICHAEL ACOSTA received money from Company A and Individual A, falsely and fraudulently representing that the money was for the Police Recognition Ceremony, when in truth and in fact, portions of the funds were for ACOSTA's own personal benefit.

4. It was further part of the scheme that in or about March 2004, defendant MICHAEL ACOSTA accepted $7,000 from Company A for the benefit of the Police Recognition Ceremony. ACOSTA falsely and fraudulently represented to Company A that its $7,000 donation was for the Police Recognition Ceremony.

5. It was further part of the scheme that on or about April 19, 2004, defendant MICHAEL ACOSTA instructed Officer A to deposit the $7,000 check from Company A into the Chicago Police O'Hare account, and instructed Officer A to write a $2,000 check drawn on the Chicago Police O'Hare account paid to the order of "MICHAEL ACOSTA." ACOSTA caused the check to be deposited into his personal bank account.

6. It was further part of the scheme that on or about April 19, 2004, defendant MICHAEL ACOSTA concealed his use of Company A's donation to the Police Recognition Ceremony by instructing Officer A to write a $5,000 check drawn on the Chicago Police O'Hare account and paid to the order of the Police Recognition Ceremony.

7. It was further part of the scheme that on or about April 13, 2004, defendant MICHAEL ACOSTA met with John Boyle and Individual A and accepted a $2,000 check from Individual A. ACOSTA falsely represented to Individual A that the $2,000 check was for the benefit of the Police Recognition Ceremony.

8. It was further part of the scheme that defendant MICHAEL ACOSTA concealed his use of Individual A's donation by instructing Officer A to deposit Individual A's $2,000 check into the Chicago Police O'Hare account.

9. It was further part of the scheme that defendant MICHAEL ACOSTA concealed his use of funds intended for the Police Recognition Ceremony by instructing Officer A to write a check in the amount of $1,300 to be drawn on the Chicago Police O'Hare account paid to the order of "Cash." ACOSTA then caused the check to be deposited into his personal bank account.

10. It was further part of the scheme in or about September 2004, defendant MICHAEL ACOSTA submitted a Gift Acknowledgment form to Company A, in which ACOSTA falsely and fraudulently stated that Company A's contribution to the Police

Recognition Ceremony was $7,000, when in truth and in fact as ACOSTA well knew, only $5,000 in Company A funds were provided to the Police Recognition Ceremony.

11. It was further part of the scheme that on or about January 27, 2005, in order to conceal his use of funds intended for the Police Recognition Ceremony, ACOSTA, then aware that he was under federal investigation, gave $2,000 in cash to a Department Officer assigned to O'Hare and instructed the officer to deposit the cash into the Chicago Police O'Hare account.

12. On or about April 13, 2004, in the Northern District of Illinois, Eastern Division,

MICHAEL J. ACOSTA,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be delivered by the Federal Express Company, an interstate carrier, according to the direction thereon, an envelope containing a $7,000 check addressed to "Chicago Police Department, O'Hare Field Comm MIKE ACOSTA," at a Chicago, Illinois address;

In violation of Title 18, United States Code, Section 1341.

**COUNT TWO**

The SPECIAL AUGUST 2003-2 GRAND JURY further charges:

1. The allegations set forth in paragraphs 1 through 11 of Count One of this indictment are realleged and incorporated as if fully set forth herein.

2. On or about September 23, 2004, in the Northern District of Illinois, Eastern Division,

MICHAEL J. ACOSTA,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be delivered by the United States Mail, according to the direction thereon, an envelope containing a Gift Acknowledgment, addressed to Company A at a Schaumburg, Illinois address;

In violation of Title 18, United States Code, Section 1341.

## COUNT THREE

The SPECIAL AUGUST 2003-2 GRAND JURY further charges:

1. The allegations set forth in paragraph 1(a) of Count One of this indictment are realleged and incorporated as if fully set forth herein.

2. At times material to this indictment:

a. The Federal Bureau of Investigation (FBI) and the Special August 2003-2 Grand Jury were conducting an investigation concerning bribery, mail fraud, extortion and obstruction of justice related to John Boyle and the City of Chicago's Hired Truck Program.

b. John Boyle was a City of Chicago employee who, in 1992, was convicted of a felony in the United States District Court for the Northern District of Illinois.

c. Rule 41 of the Rules and Regulations of the Police Department, City of Chicago, prohibited police personnel from "disseminating, releasing, altering, defacing or removing any Department record or information concerning police matters except as provided by Department orders."

d. Rule 47 of the Rules and Regulations of the Police Department, City of Chicago, prohibited police personnel from "associating or fraternizing with any person known to have been convicted of any felony or misdemeanor, either State or Federal, excluding traffic and municipal ordinance violations."

3. The following matters, among others, were material to the FBI's and the Special August 2003-2 Grand Jury's investigation concerning John Boyle and ACOSTA:

a. the nature and scope of Boyle's relationship to ACOSTA, including any social and financial relationships between the two;

b. whether Boyle requested favors of ACOSTA, including whether any requests related to ACOSTA's position with law enforcement;

c. whether ACOSTA took any actions in response to any requests made by Boyle, including whether ACOSTA used his position with law enforcement to provide information or assistance to Boyle.

d. whether ACOSTA otherwise took official action for private benefit in a manner inconsistent with his duty of honest services to the City of Chicago.

4. On or about October 6, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

MICHAEL J. ACOSTA,

defendant herein, did knowingly and willfully make materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency within the executive branch of the Government of the United States, when he stated that:

a. John Boyle never asked ACOSTA for any person's arrest record and criminal history information;

b. ACOSTA would not provide John Boyle or anyone else with criminal history information;

c. ACOSTA could not recall any favors requested by John Boyle that related to ACOSTA's position in law enforcement;

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL:

FOREPERSON

UNITED STATES ATTORNEY

No. 05 CR 76

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

vs.

**MICHAEL J. ACOSTA**

I N D I C T M E N T

Violations: Title 18, United States Code, Sections 1001(a)(2) and 1341

A true bill,

[signature]

Foreman

Filed in open court this 5th day of May, A.D. 2005

MICHAEL W. DOBBINS

By: Imelda Saccomonto

Clerk

Bail, $ ____________

PC 880.320